## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN T. TIBENSKY,**

          **Plaintiff,**

**-vs-**                                                                      **Case No.  6:05-cv-820-Orl-28DAB**

**C.D.C. ACQUISITION CORPORATION,**
**FRED M. BLAICHER, JR.,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (Doc. No. 12)** |
| **FILED:** | **August 28, 2005** |
| _____ | |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

In this Fair Labor Standards Act case, Plaintiff moves to strike three of the asserted

Affirmative Defenses. This District has previously noted that "[m]otions to strike on the grounds of

insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered

"time wasters", and will usually be denied unless the allegations have no possible relation to the

controversy and may cause prejudice to one of the parties." *Ali v. City of Clearwater,* 807 F. Supp.

701, 703 (M.D. Fla. 1992), *citing Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 570

(S.D.Fla.1978), *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962).

Plaintiff moves to strike the First Affirmative Defense, which asserts that while no monies

are due, Plaintiff was paid a severance at termination, and "This Defendant therefore seeks a setoff,

offset, or deduction for said severance to which the Plaintiff was not otherwise entitled." Defendant

argues that the FLSA excludes severance from the definition of overtime, and the defense should

therefore be striken as "against public policy, irrelevant and impertinent." The Court **denies** the

motion, without prejudice.  As resolution of this issue necessarily involves factual determinations as

to what exactly was paid and/or owed, the Court cannot say that the defense has no possible

relationship to the controversy and no prejudice is apparent to awaiting a resolution on the merits.

Plaintiff also moves to strike the Second Affirmative Defense of accord and satisfaction,

noting that controlling authority does not allow for private settlements of FLSA claims.  While the

Plaintiff has correctly set forth the law on this issue, the motion is **denied,** without prejudice, as it,

too, goes to the merits of the defense, and not the form.  Because this defense includes an assertion

that "Plaintiff received pay to which he was not otherwise entitled," which may be interpreted as a

claim of setoff, the Court declines to strike the defense at this time, for the reasons set forth above.

As Defendant concedes Plaintiff's argument with respect to the Fourth Affirmative Defense,

it is hereby **STRIKEN,** by consent.

**DONE** and **ORDERED** in Orlando, Florida on August 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record